The STATE of Ohio, Appellee,

v.

HAYES, Appellant.

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-94-22.

Decided Feb. 8, 1995.

*David A. Hackenberg*, Director of Law, and *Donald J. Rasmussen*, for appellee.

*Karen E. Elliott*, for appellant.

HADLEY, Judge.

Defendant–appellant, Rochelle Hayes, appeals from an order of the Findlay Municipal Court denying her motion to withdraw her plea of guilty to one count of child endangering, a first degree misdemeanor under R.C. 2919.22.

An October 7, 1993 complaint filed in the Findlay Municipal Court charged appellant with one count of child endangering. On May 13, 1994, the day of trial, appellant negotiated a plea bargain with the prosecutor. The record does not reveal the agreement reached by the parties during these negotiations. During the May 13, 1994 hearing, the following colloquy regarding her plea ensued between the trial court, appellant, and appellant's attorney:

"Court: Very well. Is your Defendant prepared to enter a plea at this time?

"Ms. Carson [appellant's attorney]: Your Honor, at this time we withdraw our previously entered plea of not guilty and we are prepared to enter a plea of guilty *in the nature of an Alford plea.*

"Court: Very well. There is a rights waiver form that we'll need to execute. Mrs. Burkmier [the clerk] is supplying you with a copy of that form. Ms. Carson, I'd like you to review that with your client. * * * [Emphasis added.]"

On the constitutional rights waiver form that appellant signed, appellant circled the plea of guilty and wrote underneath it "Alford Plea." The colloquy continued:

"Court: I have before me at this time a Waiver of Constitutional Rights signed by the Defendant. Ms. Hayes, I would ask you if you have any questions for the Court or for your attorney at this time regarding the rights that you are waiving in order to enter this plea today?

"Ms. Hayes: No.

"Court: Very well. The record will indicate that the Defendant responded in the negative. I will accept your offer to plead. * * *"

After accepting her plea, the trial court sentenced appellant to a fine of $1000, suspending $550 of the fine. The trial court also sentenced appellant to one hundred eighty days in the Hancock County Jail, with one hundred seventy days suspended.

On May 16, 1994, three days after sentencing, appellant moved to withdraw her guilty plea. On June 1, 1994, the trial court conducted a hearing on appellant's motion to withdraw her guilty plea. On June 1, 1994, the trial court denied appellant's motion by way of a supplemental disposition entry. From that order appellant brings this appeal.

Appellant asserts one assignment of error for review:

"The trial court abused its discretion in denying the defendant's motion to withdraw her 'Alford' plea where no factual basis for the conviction was placed in the record and the defendant timely filed a motion to withdraw her plea."

Appellant's assignment is, in essence, an assertion that the trial court did not comply with Crim.R. 11 in the acceptance of her plea. We agree.

In *North Carolina v. Alford* (1971), 400 U.S. 25, 38, 91 S.Ct. 160, 168, 27 L.Ed.2d 162, 171, fn. 10, the United States Supreme Court observed that guilty pleas linked with claims of innocence may be accepted provided the defendant intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt. As a result of that ruling, "*Alford* pleas," as they are now commonly referred to, are occasionally accepted. In accepting an *Alford* plea, absent the presentation of some basic facts surrounding the charge, there can be no determination that the accused made an intelligent and voluntary guilty plea, because the absence of a basic factual framework precludes a trial judge from evaluating the reasonableness of the defendant's decision to plead guilty notwithstanding the protestation of innocence. When we consider these requirements of an *Alford* plea coupled with Crim.R. 11, the trial court's failure to comply becomes even more apparent.

Crim.R. 11(D) applies to misdemeanors involving serious offenses. This case involved child endangering, a first degree misdemeanor. Crim.R. 11(D) provides that a court is not to accept a plea of guilty without first addressing the

defendant personally and informing him of the effect of the plea of guilty and determining that the plea is made knowingly and voluntarily.

■ In examining the proceedings in this case, we see that this was more than the mere entering of a routine guilty plea because there was a written affirmative assertion on the Waiver of Constitutional Rights Form that stated that appellant was entering an *Alford* plea and her attorney affirmatively stated to the court that the plea was in the nature of an *Alford* plea. At this point, it should have also been apparent to the trial judge that appellant had had some discussion with counsel regarding *Alford* pleas and the court should have been put on notice that there was more to this than just a plea of guilty.

At the plea hearing, it would have been clearer if appellant or her counsel had interjected an indication to the court of some additional protestation of innocence. However, as it happened, the trial judge, who directs the proceedings, inquired of appellant if she had any questions for the court or her attorney regarding her rights, to which she replied in the negative. The trial court then immediately and mistakenly accepted her plea without further inquiry and without further opportunity for appellant to say anything, including a further protestation of innocence.

As the tendered plea was accepted without comment by the trial court, it was reasonable at that point for both counsel and appellant to understand that the offer of appellant's plea, in the nature of an *Alford* plea, had been accepted by the trial court as an *Alford* plea, and no further protestation of innocence would seem to be necessary. However, having seen and heard that the plea was in the nature of an *Alford* plea, in order to comply with Crim.R. 11, the court should have inquired of appellant further to determine that she knowingly and intelligently was making her plea. Had the court done so, a further protestation of innocence may very well have been forthcoming.

■ Having failed to substantially comply with Crim.R. 11(D) and having failed to recognize appellant's plea as an *Alford* plea as indicated, the trial court should have permitted appellant to withdraw her plea of guilty. The trial court's refusal to allow appellant to withdraw her plea of guilty was an abuse of its discretion.

Appellant's sole assignment of error is sustained. The judgment of the Hancock Municipal Court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, J., concurs.

EVANS, J., dissents.

EVANS, Judge, dissenting.

I respectfully dissent because I do not agree that the appellant offered an "*Alford* plea" to the trial court and because a failure to comply with Crim.R. 11 was not assigned as error, argued, or briefed by the parties.

Crim.R. 11(A) identifies the pleas that a defendant may enter in a criminal case.[1] This rule does not authorize a plea of "guilty in the nature of an *Alford* plea," nor does it authorize a written plea of "guilty" with the additional notation of "*Alford* plea" added thereto. Under Crim.R. 11(A), this additional language is meaningless surplusage which the trial court is free to ignore.

To enter a proper *Alford* plea it is necessary that the defendant enter a plea of guilty as authorized by Crim.R. 11(A), coupled with an on-the-record protestation of innocence by the defendant. An *Alford* plea, as delineated by the United States Supreme Court, consists of a guilty plea linked with an on-the-record claim of innocence. *North Carolina v. Alford* (1971), 400 U.S. 25, 38, 91 S.Ct. 160, 168, 27 L.Ed.2d 162, 171, fn. 10. It is the plea of guilt coupled with the assertion of innocence that triggers the factual and legal dispute that must be clarified and resolved by the trial court before accepting the plea. *Id.* at 31–32, 91 S.Ct. at 164–165, 27 L.Ed.2d at 167–168.

In *Alford*, the United States Supreme Court observed that the circumstances prompting this legal and factual dispute were the defendant's on-the-record statements protesting his innocence. *Id.* at 31, 91 S.Ct. at 164, 27 L.Ed.2d at 167. The protestation of innocence notwithstanding the guilty plea then places the trial court on notice to inquire and establish the factual basis for the plea. Thus, the determination of whether the plea is an *Alford* plea or a guilty plea does not depend on what it is labeled. It is the affirmative assertion of innocence by the defendant during the taking of the plea of guilty by the trial court that creates an *Alford* plea. Any other result would improperly elevate form over substance. See, *e.g., State v. Davidson* (1985), 17 Ohio St.3d 132, 135, 17 OBR 277, 280, 477 N.E.2d 1141, 1144–1145.

The majority also attempts to find error with the trial court's compliance with Crim.R. 11(D). As we are given only a partial transcript in this case consisting of the proceedings at sentencing, we have no way of knowing if the trial court complied with Crim.R. 11(D) at an earlier hearing on this matter. Since we have

---

1. Crim.R. 11(A) provides: "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. * * *"

no assignment of error raising this issue, I would refrain from passing judgment. See App.R. 12(A)(2).

I would affirm the judgment of the trial court.