DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Richard Remines appeals from the decision rendered by the Lorain County Court of Common Pleas denying his motion to withdraw his plea. We affirm.
On February 1, 1994, Remines was indicted on three counts of rape, in violation of R.C. 2907.02(A)(1)(b). All three counts alleged the use of force and both victims were under the age of thirteen at the time of the rapes. After numerous continuances, all requested by Remines, a jury trial was set for September 17, 1996. On that date, Remines entered a plea of guilty, which he stated was entered pursuant to North Carolina v. Alford (1970),400 U.S. 25, 27 L.Ed.2d 162, to sexual battery, in violation of R.C. 2907.03, and two counts of attempted rape, in violation of R.C. 2907.02 and 2923.02. In Alford, the United States Supreme Court held that it was constitutionally permissible to accept a guilty plea in the face of an assertion of innocence. Alford,supra, 400 U.S. at 38-39, 27 L.Ed.2d at 171-72.
Sentencing was set for Monday, January 27, 1997. On Friday, January 24, 1997, Remines moved to withdraw his plea. After a hearing, the trial court denied Remines' motion, and sentenced him. Remines appeals, assigning two errors.
Remines' first assignment of error states:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WHEN SUCH PLEA WAS ENTERED AS AN ALFORD PLEA AND TRIAL COURT FAILED TO REFLECT UPON THE FACTS OF THE CASE, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT OF DUE PROCESS.
On the eve of his sentencing hearing, Remines moved to withdraw his guilty plea, submitting a memorandum in support of the motion. At the sentencing hearing, the trial court heard Remines' counsel repeat some of the arguments made in the memorandum, and listened to Remines' own statement in support of withdrawal of the plea. The trial court then denied the motion and sentenced Remines.
"[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521,527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."Id. at paragraph one of the syllabus. Determining whether there is a reasonable and legitimate basis for the withdrawal of the plea is a matter within the trial court's sound discretion. Id.
at 527. Absent an abuse of discretion, the trial court's decision must be affirmed. Id. In order to find an abuse of discretion, we must find that the trial court acted unjustly or unfairly; that its ruling was unreasonable, arbitrary or unconscionable. Id. at 527. See, generally, State v. Rosemark (1996), 116 Ohio App.3d 306.
Where a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the motion to withdraw the plea. State v. Peterseim (1980), 68 Ohio App.2d 211,214. See, also, State v. Rivers (Aug. 14, 1996), Summit App. No. 17675, unreported, at 3.
Remines' second assignment of error pertains to the first of the Peterseim factors. In his second assignment of error, Remines asserts that the trial court erred in failing to grant his motion for withdrawal of his guilty plea despite his counsel's alleged ineffective assistance.[1] To prevail on that claim, Remines must show both that the counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. State v. Xie (1992),62 Ohio St.3d 521, 524, citing Strickland v. Washington (1984),466 U.S. 669, 80 L.Ed.2d 674 and Hill v. Lockhart (1985), 474 U.S. 52,88 L.Ed.2d 674.
Remines can show neither. Remines argued that his counsel was ineffective because 1) he advised Remines that he would receive probation if he pled, though in fact there was no binding sentence agreement before the court; 2) he failed to talk to all witnesses who may have been able to offer relevant testimony; and 3) he failed to move the trial court to sever counts in the indictment. At his plea hearing, however, Remines stated that he was satisfied with the services he received from his trial counsel, and that he entered his plea without any promises being made. In the absence of a trial, counsel's failure to move the trial court to sever counts to the indictment did not prejudice Remines. Nothing in what Remines shows rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. See State v. Bradley
(1989), 42 Ohio St.3d 136, 142, certiorari denied (1990),497 U.S. 1011, 111 L.Ed.2d 768.
In fulfillment of the second and third of the Peterseim
factors, Remines was given full hearings before entering the plea and upon his motion to withdraw his plea. During the latter, the court considered Remines' arguments in support of the motion. At the sentencing hearing, Remines and his counsel took advantage of the ample opportunity granted by the trial court to argue in favor of withdrawal of the plea. Having heard the arguments, and having before it Remines' memorandum in support of the motion for withdrawal of the plea, the trial court made its ruling. Thus, the trial court does not appear to have abused its discretion in overruling Remines' motion to withdraw his plea.
Remines argues that the trial court nevertheless abused its discretion because it accepted his Alford plea without the presentation of a factual basis for the plea. The cases he cites in favor of this proposition are distinguishable from the present case. In State v. Hayes (1995), 101 Ohio App.3d 73, the Third District found that the trial court abused its discretion in refusing to allow appellant to withdraw her Alford plea where the trial court 1) failed to comply with Crim.R. 11(D); and 2) failed to recognize her plea as an Alford plea. Neither of those circumstances apply to the present cause. In State v. Casale
(1986), 34 Ohio App.3d 339, 340-341, the Eighth District found that the trial court abused its discretion in failing to permit appellant to withdraw her plea where 1) the record was "devoid of a basic factual framework"; and 2) during the hearing on the motion to withdraw, appellant repeatedly stated that she had been confused during the plea hearing and that she did not understand the implications of the previous plea hearing. The trial court in Remines' case had before it at the plea hearing a bill of particulars presented by the prosecution pursuant to a discovery request by the defense. Remines gave no indications of confusion over the implications of his plea hearing.
We find that the trial court observed the caution urged by the United States Supreme Court in Alford for the acceptance of guilty pleas coupled with claims of innocence.[2] Remines' assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, J.
MAHONEY, J. CONCUR.
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] Remines' second assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WHEN IT DID NOT FIND THAT DEFENDANT-APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.
[2] A guilty plea "coupled with claims of innocence should not be accepted unless there is a factual basis for the plea * * * and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence." North Carolina v. Alford (1970),400 U.S. 25, 38-39, 27 L.Ed.2d 162, 171-72, fn. 10.