[Cite as *State v. Morrison*, 2014-Ohio-688.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CHRIS L. MORRISON | : | Case No. 13-CA-35 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case Nos. 11CR356 and
                                 11CR443

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                February 24, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JUSTIN T. RADIC                           WILLIAM T. CRAMER
20 South Second Street                    470 Olde Worthington Road
4th Floor                                 Suite 200
Newark, OH  43055                         Westerville, OH  43082

*Farmer, J.*

{¶1} On July 29, 2011, the Licking County Grand Jury indicted appellant, Chris Morrison, on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, one count of failing to comply/fleeing and eluding in violation of R.C. 2921.331, one count of felony vandalism in violation of R.C. 2909.05, and thirteen counts of breaking and entering in violation of R.C. 2911.13 (Case No. 11CR356).

{¶2} On September 16, 2011, appellant was indicted on one count of forgery/uttering in violation of R.C. 2913.31, one count of possessing cocaine in violation of R.C. 2925.11, and two more counts of breaking and entering in violation of R.C. 2911.13 (Case No. 11CR443).

{¶3} The two cases were joined for trial. After joinder, the parties reached a plea agreement. The corrupt activity count was to be dismissed, the failure to comply count was to be amended to an attempt, and appellant agreed to withdraw his motion to suppress that he had filed. On January 23, 2012, appellant entered *Alford* guilty pleas to all the counts. By judgment entry nunc pro tunc filed January 24, 2012, the trial court sentenced appellant to an aggregate term of eight years in prison.

{¶4} Appellant filed a motion for delayed appeal on May 1, 2013. This court granted the motion on June 10, 2013. On June 28, 2013, this court remanded the matter to the trial court to dismiss and amend certain counts per the plea agreement because of the prosecutor's failure to do so.

{¶5} On July 1, 2013, appellant filed a motion to withdraw his pleas pursuant to Crim.R. 32.1, arguing his pleas were involuntary because he relied on erroneous advice from counsel.

{¶6} On August 16, 2013, the trial court filed a judgment entry nunc pro tunc, entering the corrections per this court's remand. The trial court did not rule on appellant's motion to withdraw his pleas.

{¶7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶8} "THE TRIAL COURT VIOLATED DUE PROCESS AND CRIM.R. 32.1 BY FAILING TO INQUIRE INTO APPELLANT'S REASONS FOR ENTERING AN *ALFORD* PLEA."

II

{¶9} "THE TRIAL COURT VIOLATED DUE PROCESS AND CRIM.R. 32.1 BY FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS *ALFORD* PLEA."

III

{¶10} "THE TRIAL COURT ERRED BY DISMISSING AND AMENDING COUNTS OF INDICTMENT BY NUNC PRO TUNC ORDER WITHOUT A HEARING."

I

{¶11} Appellant claims the trial court failed to engage in a Crim.R. 11 colloquy as to the reasons for entering *Alford* pleas, thereby rending the pleas involuntary. We disagree.

{¶12} In entering an *Alford* plea, a defendant maintains innocence, but consents to punishment: "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or

unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford,* 400 U.S. 25, 37 (1970). As explained by our brethren from the Second District in *State v. Padgett,* 67 Ohio App.3d 332, 338-339 (2nd Dist.1990):

> Because an *Alford* plea involves a rational calculation that is significantly different from the calculation made by a defendant who admits he is guilty, the obligation of the trial judge with respect to the taking of an *Alford* plea is correspondingly different. The trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor.
>
> ***
>
> Where the defendant interjects protestations of innocence into the plea proceedings, and fails to recant those protestations of innocence, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent. This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty.

{¶13} When there is a written affirmative assertion of an *Alford* notation on the plea form and some affirmation to the trial court of an *Alford* plea, a more detailed Crim.R. 11 colloquy is required to inquire into the reasoning for the *Alford* plea. *State v. Hayes,* 101 Ohio App.3d 73 (3rd Dist.1998).

{¶14} In the case sub judice, we must examine the record to see if there were any protestations of innocence, and whether there was a dialogue with the trial court as to the reasons for entering the "guilty" pleas.

{¶15} Appellant's January 23, 2012 Admission of Guilt form stated "GUILTY" with the notation "*Alford* Plea of Guilt" above it. During the plea hearing, the trial court specifically acknowledged the pleas were *Alford* pleas (T. at 4):

THE COURT: ***Your attorney has represented to the Court that it was your intention to enter a - - withdraw your not guilty pleas to a variety of those counts in each of those cases, and enter Alford pleas of guilty to some of the breaking and entering counts, cocaine count, forgery, and an attempt at fleeing and vandalism count. Is that your intention, Mr. Morrison?

THE DEFENDANT: Yes, sir.

{¶16} In examining appellant, the trial court asked appellant, "did you also receive these admission of guilt or Alford plea forms that have been presented to the Court here today?" T. at 7. Appellant answered in the affirmative. *Id.*

{¶17}　After a lengthy recitation of the facts regarding the counts (T. at 10-14), appellant stated that he agreed to the facts as set forth.　T. at 14-15.　Prior to imposing a sentence, the trial court asked appellant if he had anything he wished to say (T. at 25-26):

THE COURT: Mr. Morrison, is there anything you wish to say in your own behalf before the Court imposes any kind of sentence here?

THE DEFENDANT: Yes, Your Honor.　Just, you know, I want to say, you know, I got a severe drug habit, and I couldn't - - I didn't have any money to get any help.　And I did work the whole time I was out there.　I helped do all the concrete work at the John Clem School last year.　I worked all year last year till that job was done.　Then I worked down here at the new Speedway to the east end.　I poured all the concrete down there for that till the job was done, then I didn't have no more jobs.　And when the money ran out and I couldn't get no help, I didn't have no insurance or nothing to get no help on my drug addiction, I started doing these.

But I want you to know, you know, none of these was trying to get rich off of stealing something from somebody, it was to get dope.　I didn't do it to hurt nobody.　And I don't have any violence on my record at all, and I'm sure you looked at my whole record.

And I also want you to know, Green's Radiator, Auto Pro and Licking Metro Housing, nothing was stolen at all.　Duke & Duchess,

nothing was stolen at all. AAA Auto, everything was returned. I went - - When Detective Green come and got me out of jail, I went and got everything from auto AAA; Auto Pro, I got the TV so it was returned; Family Dollar, I returned the phones and the ladders that was - - that I had there; and Thirsty Jakes, I returned what cigarettes that girl didn't get rid of.

So there was a lot of stuff that I went and got, and there was a lot of the stuff that wasn't - - that wasn't nothing stolen out of them B&Es. It was just B&Es. There was some places that some stuff I did get, yes, but there was a bunch of places where I went and got and recovered a bunch of stuff because he said it would help me.

{¶18} From appellant's very words, it is clear he did not protest his innocence, but freely admitted his guilt. He attempted to excuse his actions because of his drug addiction and need for money for drugs.

{¶19} Defense counsel commented on appellant's decision to change his plea as follows (T. at 21):

And in our discussions we've talked about that a lot, about the impact that his drug use and his commitment of these crimes have affected his marriage, his life, his whole well-being.

And the reason it's particularly noticeable is because Mr. Morrison wrote a number of letters to me throughout this whole period of time that

we represented him. His letters are very thought out, they're very well written. He - - he tried to research the law as best he could. And - - and we all - - in this line of work, we see our jailhouse lawyers and defendants who they know more law than the lawyers do. But Mr. Morrison did a very good job in researching this case, thinking it out, working through all the possibilities, which is how we arrived today at a determination to enter a plea at this time and not go forward with our motion which, for the record, we would withdraw at this time, Your Honor.

But his drug addiction, of course, is the absolute epical or center of all this rampage of break-ins.

{¶20} Although the paperwork notes an *Alford* plea, we find there was no *Alford* plea. Further, appellant never pursued his motion to suppress and withdrew it in exchange for the plea bargain.

{¶21} Upon review, we find there was no *Alford* plea and the trial court's Crim.R. 11 colloquy was sufficient.

{¶22} Assignment of Error I is denied.

II

{¶23} Appellant claims the trial court erred in not affording him a hearing on his Crim.R.32.1 motion to withdraw his plea. We disagree.

{¶24} Appellant filed his Crim.R. 32.1 motion on July 1, 2013. Appellant had filed an appeal on April 24, 2013 and a motion for delayed appeal on May 1, 2013 which

this court granted on June 10, 2013. The trial court never ruled on the Crim.R. 32.1 motion because it lacked jurisdiction given the pending appeal.

{¶25} Assignment of Error II is premature and therefore denied.

III

{¶26} Appellant claims the trial court erred in dismissing and amending two counts of the indictment without a hearing. We disagree.

{¶27} Following this court's approval of appellant's motion for a delayed appeal, this court on July 29, 2013 remanded the matter to the trial court to dismiss and amend certain counts of the indictment to reflect the plea agreement due to the prosecutor's failure to do so.

{¶28} The plea agreement was as follows (T. at 15-16):

[THE COURT] Q. Do you understand, Mr. Morrison, that should the Court permit you to change your pleas here today, should the Court enter guilty findings, generally all that's going to remain to be done is proceed with sentencing?

And by my calculation, based on the counts the prosecutor would amend, that is the fleeing, and the count they would dismiss, which is the engaging in a pattern of corrupt activity, that would still leave a maximum sentence of 19-1/2 years, along with a maximum - - a maximum fine of $50,000, with a driver's license suspension and three years of post-release control, along with possibly some restitution. Do you understand that, Mr. Morrison?

A. Yes.

{¶29} Upon remand, by judgment entry nunc pro tunc filed August 16, 2013, the trial court complied with this court's directive as follows:

Upon remand to the Court by entry filed July 29, 2013, and upon the failure of the prosecuting attorney to file the motions to dismiss and amend, the Court sua sponte dismisses Count 1 of Case No. 11 CR 356 and amends Count 7 of Case No. 11 CR 443 to a fourth degree felony as set out in the original sentencing entry of January 23, 2012.

{¶30} As explained by our brethren from the Twelfth District in *State v. Goode,* 12 Dist. Warren Nos. CA98-07-079 and CA98-07-083, 1999 WL 791537, *2 (September 27, 1999):

"*Nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might have or should have decided or what the court intended to decide."  *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 100, 671 N.E.2d 236.  Black's Law Dictionary (6 Abridged Ed.1991) 737, states that that *nunc pro tunc* is "[a] phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.,* with the same effect as if regularly done."

{¶31} Upon review, we find the trial court did not err in correcting the record to correspond to the "on the record" discussions regarding the plea agreement.

{¶32} Assignment of Error III is denied.

{¶33} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 203