[Cite as *State v. Underwood*, 2018-Ohio-730.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. CT2017-0024 |
| SIRIUS E. UNDERWOOD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  CR2016-0122


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:          February 23, 2018


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

D. MICHAEL HADDOX                      TONY A. CLYMER
PROSECUTING ATTORNEY              1420 Matthias Drive
GERALD V. ANDERSON II              Columbus, Ohio  43224
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702-0189

*Wise, P. J.*

{¶1}   Appellant Sirius E. Underwood appeals from his convictions in the Court of Common Pleas, Muskingum County, on one count of aggravated murder, two counts of aggravated robbery, and other felony offenses. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2}   On February 24, 2017, stemming from an indictment by the Muskingum County Grand Jury issued on March 30, 2016, appellant appeared with counsel and entered an *Alford* plea to felony charges consisting of one count for the aggravated murder of Brandy Daniels, with a firearm specification (set forth as Count 9), two counts of aggravated robbery, two counts of conspiracy to commit aggravated robbery, two counts of theft, two counts of having a weapon while under a disability, one count of aggravated burglary, one count of engaging in a pattern of corrupt activity, and one count of tampering with evidence. This plea was entered following several months of negotiation between trial counsel for appellant and the State of Ohio, through the Muskingum County Prosecutor's Office.

{¶3}   During the aforementioned plea hearing, the assistant prosecutor, Ron Welch, made *inter alia* the following statements to the trial court: "In exchange for the defendant's plea ***, the parties agree to the joint recommendation that the defendant be sentenced to an aggregate prison term of life in prison with eligibility for parole after the defendant has served 25 years in prison, plus a mandatory consecutive three-year term for the firearm specification attached to Count 9. *** The parties stipulate the facts sufficient for a finding of guilty to be made. And the defendant agrees to make restitution

in the amount of $22,265.24. I have here a signed four-page entry of guilty plea form, if I may approach." Tr., Plea Hearing, at 4-5.

{¶4} At that point, the court asked defense counsel if he had anything to add, to which he replied: "Not for the purposes of the change of plea, Your Honor. Mr. Welch's recitation of the change of plea was accurate." *Id.* at 5.

{¶5} The trial court thereupon engaged in a plea colloquy with appellant, following which Mr. Welch extensively summarized the facts of the case. The court then ordered a presentence investigation.

{¶6} A sentencing hearing was held on March 20, 2017. Once again, the State of Ohio, through the assistant prosecuting attorney, Mr. Welch, outlined the plea agreement that had been entered into between appellant and the State of Ohio. Tr., Sentencing Hearing, at 4-5. The State of Ohio further indicated that negotiations in the case "came about over a course of time involving the State and defense, as well as consultation with the family members that have been involved in this matter." *Id.* Furthermore, trial counsel for appellant reiterated the lengthy discussions that took place regarding the plea agreement and requested that the trial court follow the joint recommendation.

{¶7} Following the hearing, the trial court sentenced appellant to life in prison with eligibility for parole after twenty-eight years (twenty-five plus a three-year firearm specification) on the aggravated murder charge, consecutive to ten years in prison on the other counts (to be served concurrently with each other), for an aggregate prison term of life in prison with the eligibility for parole after thirty-eight years. Appellant was also ordered *inter alia* to pay restitution in the amount of $22,265.24.

**{¶8}** A final sentencing entry was issued on March 21, 2017.

**{¶9}** Appellant filed a notice of appeal on April 4, 2017. He herein raises the following four Assignments of Error:[1]

**{¶10}** "I. THE TRIAL COURT RENDERED APPELLANT'S PLEA INVOLUNTARY AND VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS BY IGNORING THE JOINT RECOMMENDATION OF SENTENCE AND IMPOSING A SENTENCE THAT EXCEEDED THE AGREED-UPON SENTENCING RECOMMENDATION.

**{¶11}** "II. THE APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS.

**{¶12}** "III. THE TRIAL COURT ERRED BY NOT CONSIDERING THE PRINCIPLES AND PURPOSES OF SENTENCING AS REQUIRED BY R.C. 2929.11 AND 2929.12 AND NOT PERMITTING THE APPELLANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEA PRIOR TO IMPOSITION OF SENTENCE RENDERING THE SENTENCE CONTRARY TO LAW.

**{¶13}** "IV. THE TRIAL COURT PLAINLY ERRED IN ORDERING APPELLANT TO PAY RESTITUTION AND COURT COSTS SINCE APPELLANT IS INDIGENT AND THE COURT NEVER REFERENCED APPELLANT'S PRESENT OR FUTURE ABILITY TO PAY."

---

[1] Appellant has failed to include or attach with his brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original document in the record.

I.

**{¶14}** In his First Assignment of Error, appellant contends the trial court committed reversible error and violated his constitutional rights by rejecting the parties' agreed recommended sentence, resulting in a term of life in prison with the eligibility for parole after thirty-eight years. We disagree.

**{¶15}** This Court has recognized that a trial court is not bound by a sentencing recommendation proffered by the State. *See State v. Hartrum,* 5th Dist. Licking No. 14-CA-106, 2015–Ohio–3333, ¶ 14, citing *State v. Kitzler,* 3rd Dist. Wyandot No. 16–02–06, 2002–Ohio–5253, ¶ 9. Thus, where a trial court complies with Crim.R. 11 by informing the defendant that the State's sentencing recommendation is not binding upon it, a defendant's plea is knowingly and voluntarily made. *State v. Campbell*, 9th Dist. Summit No. 27300, 2014-Ohio-4780, ¶ 9, citing *State v. Williamson,* 9th Dist. Summit No. 17927, 1997 WL 72085.

**{¶16}** During the plea hearing, the trial court asked appellant: "You understand, Mr. Underwood, the joint recommendation is not binding on this Court; and at sentencing, I do not have to follow it?" Tr., Plea Hearing, at 13. Appellant answered in the affirmative. *Id.* As such, the record does not support appellant's claim that his plea was not knowing and voluntary in this respect.

**{¶17}** Appellant nonetheless cites *Hartrum*, *supra*, for the proposition that a trial court is not bound by a plea agreement unless there has been "active participation by the trial court in the agreement." *Id.*, citing *State v. Hutchison,* 5th Dist. Tuscarawas No. 2001AP030020, 2001 WL 1356356. Put another way, appellant maintains the trial court in the case *sub judice* was an active participant in the plea deal, and thus should be

required to follow it. He specifically submits: "[T]he fact that the trial court alluded to the joint recommendation of sentence several times as well as specifically mentioning each and every detail of the plea agreement and that appellant was entering the plea to avoid the consequences of a greater sentence, it is obvious that this is 'active participation' in the agreement." Appellant's Brief at 6-7.

**{¶18}** It is well-established that "[a] trial court assures that a plea is knowingly, voluntarily and intelligently entered during the plea colloquy as required by Crim.R. 11." *State v. Ford*, 9th Dist. Summit No. 26260, 2012-Ohio-4028, ¶ 10. Generally, where it affirmatively appears to the trial court that an *Alford* plea will be asserted, a "more detailed Crim.R. 11 colloquy" is required to inquire into the reasoning for such *Alford* plea. *See State v. McKinley*, 5th Dist. Delaware No. 14 CAA 08 0045, 2015-Ohio-2436, ¶ 16, citing *State v. Hayes,* 101 Ohio App.3d 73, 654 N.E.2d 1348 (3rd Dist.1998). The record also must contain "strong evidence" of guilt before an *Alford* plea may be accepted. *Id.*, citing *State v. Scott,* 3rd Dist. Seneca No. 13–2000–34, 2001–Ohio–2098. Upon review, we find no merit in appellant's claim that the trial court's acts in this instance of ensuring its compliance with Crim.R. 11 equates to "active participation" in the parties' plea agreement to the extent that the court was required to order the agreed sentence of life with twenty-eight years before parole eligibility.

**{¶19}** Appellant further contends the trial court should have, in the alternative, permitted him to withdraw his plea upon the court's decision to reject the jointly recommended sentence. However, the general rule in Ohio "requires motions to withdraw guilty plea to be freely granted *if* they are made before sentencing." *State v. Rickman*, 3rd Dist. Seneca No. 13-13-15, 2014-Ohio-260, ¶ 12 (emphasis added), citing *State v. Xie,*

62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). In one of the cases appellant cites, *State v. Buell*, 10th Dist. Franklin No. 15AP-789, 2016-Ohio-2734, the Tenth District Court of Appeals indeed stated that "[i]In the vast majority of cases in Franklin County, Ohio, if the parties agree as to the appropriate sentence, the trial court judge accepts that argument and imposes the agreed-upon sentence." *Id.* at ¶ 2. However, in *Buell*, the defendant had asked at the sentencing hearing, before pronouncement of sentence, that he be permitted to withdraw his guilty plea. *Id.* at ¶ 5. Appellant provides no direct authority for his claim that a trial court, in the absence of a motion under Crim.R. 32.1, must *sua sponte* consider a plea withdrawal where it declines to accept an agreed recommended sentence.

**{¶20}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶21}** In his Second Assignment of Error, appellant contends he was deprived of the effective assistance of trial counsel during the plea proceedings. We disagree.

**{¶22}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective*; i.e.,* whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable

probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶23}** Furthermore, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

### *Issue of Prosecutor's Recitation*

**{¶24}** Appellant first contends his defense counsel was ineffective for failing to object to the assistant prosecutor's lengthy recitation of facts, which runs approximately twenty-nine pages in the transcript.

**{¶25}** We have recognized that a trial court record also must contain "strong evidence of guilt" before an *Alford* plea may be accepted, and therefore, such a plea should not be made without the presentation of some basic facts surrounding the offenses charged. *See State v. McKinley*, 5th Dist. Delaware No. 14 CAA 08 0045, 2015-Ohio-2436, ¶19, citing *State v. Scott,* 3rd Dist. Seneca No. 13–2000–34, 2001–Ohio–2098. Given that appellant in this instance pled to all but one count and several specifications of a thirteen-count indictment, the issuance of which followed an extensive three-year investigation by federal, Ohio, and Alaska authorities (*see* Plea Tr. at 34), we find in regard to the issue of the prosecutor's recitation that appellant was not deprived of the effective assistance of trial counsel in violation of his constitutional rights.

### *Lack of Objection by Defense Counsel*

**{¶26}** Appellant secondly urges that his defense counsel ineffectively "stood silent," *i.e.*, did not enter an objection, pursue some type of sentencing mitigation, or move

to withdraw the plea, when it became clear that the trial court was not going to accept the joint sentencing recommendation. Appellant's Brief at 12.

**{¶27}** The United States Supreme Court and the Ohio Supreme Court have held that a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *See Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697, 104 S.Ct. 2052. Furthermore, appellate courts will generally refrain from second-guessing the strategic decisions of trial counsel. *State v. Lyons*, 7th Dist. Jefferson No. 16 JE 0008, 2017-Ohio-4385, ¶ 32.

**{¶28}** In the case *sub judice*, given that appellant was facing charges of aggravated murder and several other serious felonies, we find it would be unacceptably speculative on our part to question defense counsel's strategic decision to work out a plea deal in lieu of a lengthy trial and simply accept the possibility of a rejection of the recommended sentence.[2] In addition, we are unable to determine with any confidence that the trial court's sentence would have been different had counsel objected. *Cf. State v. Morrison*, 5th Dist. Muskingum No. CT2014-0042, 2015-Ohio-2018, ¶ 13. As may occur in any number of sentencing situations, "[c]ounsel's strategy may have been to say nothing in order to avoid further detriment to his [or her] client." *State v. Noble*, 2nd Dist. Montgomery No. 13955, 1994 WL 100694.

**{¶29}** Accordingly, appellant's Second Assignment of Error is overruled.

---

[2] As an indicator of the potential scope of a trial in this case, one of the trial court documents indicates that 280 people were on the State's initial witness list, and that figure grew to over 300 after discovery. *See* Docket Item No. 81.

III.

{¶30} In his Third Assignment of Error, appellant contends his sentence was contrary to law. We disagree.

{¶31} As an initial matter, reiterating that appellant was convicted *inter alia* of aggravated murder, we note R.C. 2953.08(A) states that "[i]n addition to any other right to appeal *and except as provided in division (D) of this section*, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on [one of the grounds listed in subsections (A)(1) through (A)(5)]". (Emphasis added). In turn, R.C. 2953.08(D)(3) provides: "A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."

{¶32} In *State v. Patterson*, 5th Dist. Stark No. 2012CA00098, 2013-Ohio-1647, 2013 WL 1777258, an appeal of an aggravated murder conviction, we reviewed the aforesaid statute and succinctly held as follows: "Pursuant to R.C. 2953.08(D)(3) and case law interpreting this statute, this Court is without statutory authority to review appellant's sentence on an evidentiary basis." *Id.* at ¶ 70. *See, also, State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690, 2005-Ohio-3095, ¶ 17. We will therefore not apply our analysis in the present assigned error to Count 9.

{¶33} Appellant first maintains the trial court completely failed to consider the sentencing factors of R.C. 2929.11 and 2929.12, *i.e.*, the purposes of felony sentencing and the factors of seriousness and recidivism. However, it is well-established that "* * * a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *See State v. Sutton,* 8th Dist. Cuyahoga

No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* 11th Dist. Lake No. 2006–L–185, 2007–Ohio–3013, ¶ 44 (internal quotations omitted). The failure to indicate at the sentencing *hearing* that the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. Franklin No. 09AP–1163, 2010–Ohio–5819, 2010 WL 4884904, ¶ 8 (emphasis added). Any findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the sentencing transcript if the findings are contained in the journal entry. *See State v. Boyd,* 5th Dist. Richland No. 13 CA 62, 2014–Ohio–2019, ¶ 12, citing *State v. O'Donnell,* 9th Dist. Summit No. 23525, 2007–Ohio–1943, ¶ 7 (additional citations omitted). Upon review, we find the sentencing entry in this case adequately sets forth that the trial court took into consideration the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

**{¶34}** Appellant secondly contends the trial court improperly "placed an unreasonable amount of weight" on a portion of a letter from a family member of the aggravated murder victim, Brandy Daniels. Appellant's Brief at 15. The trial court stated: "I've been a judge for many years. This is one of the quotes in the letter that struck me. It says: ['] I beg you, do not go soft on the devil.['] Would you blame the family to feel any differently?" Sentencing Tr. at 8. However, at that point in the hearing, we observe the trial court had already clearly articulated that it had reviewed the pre-sentence investigation report, appellant's criminal record (including his two previous incarcerations and multiple robberies), and all the letters from Brandy's family. *See* Sentencing Tr. at 6-8.

**{¶35}** Appellate review of felony sentences is governed by R.C. 2953.08, which provides that we may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. *State v. Theodorou*, 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, ¶ 7, citing R.C. 2953.08(G)(2). Appellant does not presently contend that his sentences are outside the statutory ranges of the Ohio Revised Code. Appellant further does not raise a specific challenge to the consecutive portions of his overall sentence. Based on our review of the record, we do not find by clear and convincing evidence that the record does not support the sentence or that the sentence is contrary to law.

**{¶36}** Appellant lastly revisits his claim that the trial court should have *sua sponte* permitted appellant to withdraw his plea upon its decision not to follow the jointly recommended sentence. We find this claim is a challenge to the plea proceeding, not a sentencing issue, and it has previously been addressed in this opinion.

**{¶37}** Appellant's Third Assignment of Error is therefore overruled.

IV.

**{¶38}** In his Fourth Assignment of Error, appellant contends the trial court erred in ordering him to pay restitution and court costs. We disagree.

*Restitution*

**{¶39}** R.C. 2929.18(A) states in pertinent part that "[e]xcept as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence

the offender to any financial sanction or combination of financial sanctions authorized under this section * * *." R.C. 2929.18(A)(1) sets forth that restitution is one such sanction.

**{¶40}** In the case *sub judice*, while we recognize the trial court did not fully follow the joint recommendation when it came to the prison sentence, the specific restitution amount of $22,265.24 was part of the agreement of the parties. *See* Plea Tr. at 5. In addition, appellant did not object to the trial court's restitution order or request a hearing on the issue. *See* Sentencing Tr. at 10-11. As such, we find he has waived all but plain error. *See State v. Bauer,* 5th Dist. Licking No. 11–CA–93, 2012–Ohio–2457, ¶ 7. The plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 95, 372 N.E.2d 804. We are not inclined to do so under the aforementioned circumstances of the present case.

<em>Court Costs</em>

**{¶41}** In regard to court costs, we note R.C. 2947.23(A)(1)(a) states in pertinent part: "In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. * * * ." (Emphasis added). Accordingly, even if a defendant is indigent, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs. *State v. McHenry*, 5th Dist. Stark No. 2017CA00119, 2017-Ohio-7672, ¶ 12, citing *State v. White*, 103 Ohio St.3d 580, 2004–Ohio–5989, 817 N.E.2d 393, ¶ 8. *But see* R.C. 2949.092. Furthermore, appellant did not object to the imposition of court costs, even though the trial court orally stated they were part of the sentence.

Sentencing Tr. at 10.  Upon review, we find no reversible error in this instance in regard to the imposition of court costs.

**{¶42}**  Appellant's Fourth Assignment of Error is therefore overruled.

**{¶43}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.


By: Wise, P. J.

Hoffman, J., and

Baldwin, J., concur.



JWW/d 0202