[Cite as *State v. Miranda*, 2014-Ohio-5312.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2014-L-020** |
| ANGEL R. MIRANDA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000740.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Angel R. Miranda, appeals his conviction for Aggravated Vehicular Assault in the Lake County Court of Common Pleas.  The issue before this court is whether a defendant may be found to be "operating" a vehicle where that vehicle has been rendered inoperable as a result of the defendant's driving under the influence of alcohol.  For the following reasons, we affirm Miranda's conviction.

{¶2} On April 9, 2013, the Lake County Grand Jury handed down an Indictment, charging Miranda with the following crimes: Aggravated Vehicular Assault (Count 1), a felony of the third degree in violation of R.C. 2903.08(A)(1)(a); Operating a Vehicle Under the Influence of Alcohol (Count 2), a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); Aggravated Vehicular Assault (Count 3), a felony of the third degree in violation of R.C. 2903.08(A)(1)(a); Operating a Vehicle Under the Influence of Alcohol (Count 4), a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(f); Aggravated Vehicular Assault (Count 5), a felony of the third degree in violation of R.C. 2903.08(A)(1)(a); Operating a Vehicle Under the Influence of Alcohol (Count 6), a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(i); Operation without Reasonable Control (Count 7), a minor misdemeanor in violation of R.C. 4511.202(A); and Occupant Restraining Devices (Count 8), an unclassified misdemeanor in violation of R.C. 4513.263(B)(1).

{¶3} On May 13, 2013, Miranda waived his right to be present at arraignment and entered a plea of "not guilty" to all charges.

{¶4} On July 22, 2013, Miranda entered a Written Plea of Guilty to Aggravated Vehicular Assault (Count 1) and Operating a Vehicle Under the Influence of Alcohol (Count 2). Upon application of the State, the trial court entered a Nolle Prosequi on the remaining counts of the Indictment.

{¶5} On September 16, 2013, Miranda filed a Motion to Withdraw Plea.

{¶6} On November 19, 2013, the trial court granted Miranda's Motion with respect to Aggravated Vehicular Assault only.

{¶7}   On January 8, 2014, a bench trial was held on the charge of Aggravated Vehicular Assault.  The witnesses and exhibits at trial demonstrated the following facts: Shortly after 5:00 a.m. on August 11, 2012, Miranda was operating a Geo Prism westbound on I-90.  Miranda was legally intoxicated.  In between State Route 615 and 306, Miranda's Prism struck the end of the guardrail on the north/right side of the freeway.  The Prism spun around and came to a rest in the right lane, facing oncoming traffic.  The Prism was rendered inoperable.  Miranda exited the vehicle.

{¶8}   Between two and ten minutes after Miranda's Prism struck the guardrail, Mark Seidel was operating a Toyota Camry westbound on I-90.  Seidel struck the Prism and, as a result of the collision, suffered serious physical harm.

{¶9}   At the close of the evidence, counsel for Miranda moved for acquittal pursuant to Criminal Rule 29(A).  The trial court denied the motion.

{¶10}  On January 9, 2014, the trial court found Miranda guilty of Aggravated Vehicular Assault.

{¶11}  On January 13, 2014, a sentencing hearing was held.  The court imposed a mandatory term of imprisonment of twenty-four months for Aggravated Vehicular Assault (Count 1) to be served concurrently with a mandatory thirty-day sentence for Operating a Vehicle Under the Influence of Alcohol (Count 2).  The court ordered Miranda to pay restitution to the victim in the amount of $45,052.84, and, under Count 1, a mandatory fine of $375.00.  The court imposed a four-year license suspension under Count 1 to run concurrently with a one-year suspension under Count 2.  The court advised Miranda that post release control was optional up to a maximum of three years. Finally, the court ordered Miranda to pay court costs and the costs of prosecution.

{¶12} On January 23, 2014, the trial court issued a written Judgment Entry of Sentence.

{¶13} On February 21, 2014, Miranda filed a Notice of Appeal, amended on March 10, 2014.

{¶14} On appeal, Miranda raises the following assignment of error:

{¶15} "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied his Crim.R. 29(A) motion for judgment of acquittal in violation of his rights to fair trial and due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶16} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶17} In order to convict Miranda of Aggravated Vehicular Assault as charged in Count 1, the State was required to prove, beyond a reasonable doubt, that he, "while operating * * * a motor vehicle, * * * cause[d] serious physical harm to another person * *

4

* [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code * * *."  R.C. 2903.08(A)(1)(a).

{¶18}  Miranda contends that there was no evidence that he caused serious physical harm "while operating" a vehicle.  Miranda emphasizes that, at the time of Seidel's collision, "Mr. Miranda's car was inoperable"; "Mr. Miranda was not physically in the car"; and "he was not in control of the car and was not able to move it or manipulate it in any way."  Appellant's brief at 9.

{¶19}  The issue of whether Miranda caused Seidel's injuries "while operating" a vehicle turns on the meaning of "operating," which is not defined within R.C. Chapter 2903.  Miranda urges this court to interpret "while operating" in a strictly temporal sense, so as to require Miranda to have been actually operating the Prism at the time of the collision with Seidel's Camry.  The State urges this court to apply the definition of "operate" set forth in R.C. 4511.01(HHH): "'Operate' means to cause or have caused movement of a vehicle, streetcar, or trackless trolley."  According to the State, Miranda "caused movement of his vehicle, and as a result of that movement, caused serious physical harm," and thus the harm was caused "*while operating* his motor vehicle." Appellee's brief at 5-6.

{¶20}  Both parties appeal to the following rule of construction: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage.  Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42.

{¶21} We conclude that Miranda's conduct was sufficient to support a finding that Miranda caused serious physical harm while operating a motor vehicle, based on several considerations favoring a construction of "while operating" to include a situation where the harm is caused by a vehicle rendered inoperable as a result of driving while intoxicated.

{¶22} The definition of "operate" in R.C. 4511.01(HHH) encompasses past or completed movement of a vehicle. While Miranda is correct that, by its own terms, the definitions contained in section 4511.01 are meant to apply to "this chapter and * * * Chapter 4513. of the Revised Code," the Ohio Supreme Court has recognized that "statutes relating to the same matter or subject, although passed at different times and making no reference to each other, are *in pari materia* and should be read together to ascertain and effectuate if possible the legislative intent," based on the assumption "that the General Assembly, in enacting a statute, is assumed to have been aware of other statutory provisions concerning the subject matter of the enactment even if they are found in separate sections of the Code." (Citation omitted.) *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 191-192, 404 N.E.2d 159 (1980). Thus, while not controlling, the definition of "operate" in R.C. 4511.01(HHH) should be considered in the interpretation of R.C. 2903.08(A)(1)(a). This is particularly the case since one of the elements of Aggravated Vehicular Assault is that the serious physical harm must be proximately caused by a violation of R.C. 4511.19(A), to which R.C. 4511.01(HHH) is applicable.

{¶23} Consistent with the principle set forth in *Meeks*, the Ohio Supreme Court has applied the R.C. 4511.01(HHH) definition of "operate" in construing statutes outside of R.C. Chapter 4511. *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d

6

12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 24 ("[a]lthough the R.C. 2744.02(B)(1) exception to immunity for the negligent operation of a motor vehicle predates the General Assembly's addition of R.C. 4511.01(HHH)'s definition of 'operate,' that definition nevertheless sheds light on the meaning of 'operation' in R.C. 2744.02(B)(1)"); *also State v. Odd*, 5th Dist. Stark No. 2006-CA-00336, 2007-Ohio-5813, ¶ 33 ("[s]ince the meaning of 'operate a motor vehicle' to the average ordinary person is consistent with the definition found in R.C. 4511.01(HHH), we believe that definition is applicable to a violation of R.C. 2921.331").

**{¶24}** Also persuasive, if not controlling, is the fact that the Ohio Jury Instructions with respect to vehicular assault provide a definition of "operate" which mimics that found in R.C. 4511.01(HHH). *Ohio Jury Instructions*, CR Section 503.08 (Rev. Jan. 23, 2010); *State v. Lindsey*, 190 Ohio App.3d 595, 2010-Ohio-5859, 943 N.E.2d 613, ¶ 22 (10th Dist.).

**{¶25}** Finally, we note that, prior to the enactment of R.C. 4511.01(HHH), Ohio courts understood operation of a motor vehicle as something "broader * * * than mere driving." *State v. Cleary*, 22 Ohio St.3d 198, 199, 490 N.E.2d 574 (1986). In fact, R.C. 4511.01(HHH) was enacted to limit the sort of conduct circumscribed by operation of a motor vehicle to that conduct which actually causes a vehicle to move. *See State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448, ¶ 18-21; *Columbus v. Freeman*, 181 Ohio App.3d 320, 2009-Ohio-1046, 908 N.E.2d 1026, ¶ 11-12 (10th Dist.). For situations where a person had control but did not cause movement, the crime of Having Physical Control of a Vehicle While Under the Influence of Alcohol was created. R.C. 4511.194(B).

7

{¶26} In the present case, Miranda operated his motor vehicle so as to render it inoperable on a highway where it was the proximate cause of serious physical injury to another, i.e., he caused the harm while "hav[ing] caused" the vehicle to move. Both the statutory definition of "operate" and the broader conception of "operating" employed in prior case law support the conclusion that a conviction for Aggravated Vehicular Assault may be sustained where the actual operation of the motor vehicle has ceased but the harm has not yet occurred, provided that no intervening event breaks the chain of causation. The fact that the harm in the present case resulted within a few minutes rather than a few seconds of Miranda striking the guardrail does not alter the basic criminal character of his conduct.

{¶27} The sole assignment of error is without merit.

{¶28} For the foregoing reasons, Miranda's conviction for Aggravated Vehicular Assault was supported by sufficient evidence and, therefore, is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.