[Cite as *State v. Marchak*, 2022-Ohio-2611.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021CA0010 |
| MICHAEL MARCHAK, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Crimial appeal from the Morrow County
                            Court of Common Pleas, Case
                            No.2019CR0147

JUDGMENT:                   Affirmed; grant counsel's motion to
                            withdraw

DATE OF JUDGMENT ENTRY:     July 29, 2022

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DAVID HOMER                           MICHAEL MARCHAK, JR.
Assistant Prosecutor                  Noble Correctional Institution, #788731
60 East High Street                   15708 McConnelsville Road
Mt. Gilead, OH 43338                  Caldwell, OH 43724

*Gwin, P.J.*

{¶1} Appellant Michael Marchak, Jr. appeals his conviction and sentence from the Morrow County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} A state trooper with the Ohio Highway Patrol was responding to a report of an intoxicated motorist driving on Interstate 71. The trooper was struck head-on by the intoxicated motorist, appellant, who was driving the wrong way on the highway. The collision caused serious, life-threatening injuries to the trooper. A passing motorist who stopped at the scene suffered serious injuries while extricating the trooper from the burning cruiser. Appellant was intoxicated due to methamphetamine at the time he was driving on the highway. At the time of the incident, appellant's driver's license was suspended.

{¶3} On August 27, 2019, appellant was indicted on the following charges: (1) aggravated vehicular assault (victim Trooper Phillips), a violation of R.C. 2903.08(A)(1)(a), a felony of the second degree due to the fact that appellant was driving under suspension at the time of the offense; (2) aggravated vehicular assault (victim Kojo Tsiboe), a violation of R.C. 2903.08(A)(1)(a), a felony of the second degree due to the fact that appellant was driving under suspension at the time of the offense; (3) receiving stolen property, a violation of R.C. 2913.51, a felony of the fourth degree; (4) OVI, a violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; (5) OVI, a violation of R.C. 4511.19(A)(1)(j)(ix), a misdemeanor of the first degree (methamphetamine); (6) driving under suspended license, a violation of R.C. 4510.11(A), an unclassified

misdemeanor; and (7) driving under financial responsibility law suspension, a violation of R.C. 4510.16(A), an unclassified misdemeanor.

{¶4} Appellant, his trial counsel, and counsel for the State of Ohio each signed the guilty plea agreement on April 5, 2021. The plea of guilty form specifically stated the maximum prison term for each charge. Additionally, the form detailed the plea agreement as follows: appellant shall enter a plea of guilty to Count 1 of the indictment, aggravated vehicular assault, a violation of R.C. 2903.08(A)(1)(a); the State shall amend the indictment from a felony of the second degree to a felony of the third degree by eliminating from the indictment the reference to the offense occurring while the defendant was driving under suspension; appellant shall enter a plea of guilty to Count 2 of the indictment, aggravated vehicular assault, a violation of R.C. 2903.08(A)(1)(a); the State shall amend the indictment from a felony of the second degree to a felony of the third degree by eliminating from the indictment the reference to the offense occurring while the defendant was driving under suspension; appellant shall enter a plea of guilty to Count 3 of the indictment; appellant shall enter a plea of guilty to Count 6; the State recommends an aggregate prison term of 8 years (3 years for Count 1, 3 years for Count 2, 1.5 years for Count 3, and 6 months for Count 4); and the State agrees to dismiss Counts 4, 5, and 7.

{¶5} The trial court held a plea hearing on April 6, 2021. First, the trial court informed appellant of his constitutional rights. Appellant stated he was voluntarily waiving each constitutional right. The trial court confirmed appellant signed the plea agreement. The trial court then went through the signed plea agreement with appellant. Appellant confirmed he understood each portion of the plea agreement and the maximum possible penalties for each count. When the trial court asked appellant if trial counsel's

representation was adequate, appellant responded, "very much, sir." At the end of the lengthy and detailed plea colloquy, the trial court asked appellant if he had any questions. Appellant responded, "No, sir. I understand everything. Thank you." The trial court accepted appellant's guilty pleas, and found his pleas were knowingly, voluntarily, and intelligently made.

{¶6} The trial court then went through the facts of the case with appellant. Appellant stated as follows: appellant and his ex-girlfriend were high on methamphetamine; appellant and his ex-girlfriend had an argument, so he stole a vehicle; appellant got on I-71 north; while he was driving, appellant made an illegal U-turn on the highway; appellant could not remember why exactly he made the U-turn, but he knew he was going the wrong way; appellant caused a very serious accident when he crashed into a police car; appellant woke up in the hospital five days after the accident; appellant caused very serious and severe injuries to the officer, and the Good Samaritan, Mr. Tsiboe, as he was injured helping the officer get out of the vehicle; Mr. Tsiboe was injured when he pulled the officer out of the car, saving the officer's life; and the accident and consequences would not have happened if appellant had not made the decision to drive when he did. Appellant further stated he made horrible choices that night.

{¶7} The trial court issued a journal entry on April 12, 2021. The entry provides as follows: the court explained defendant's constitutional and trial rights; defendant acknowledged he understood and waived those rights; the court reviewed the plea agreement with defendant, who stated he understood and agreed with all parts of the document; the court advised defendant of his rights pursuant to the requirements of Criminal Rule 11; the defendant specifically detailed and admitted to the facts for each

count to which he was pleading guilty; the court accepted the defendant's statements as sufficient to form the legal and factual basis of the counts in the indictment, as amended, to which the defendant was admitting; and defendant's plea was freely, voluntarily, knowingly, and intelligently given. The trial court ordered a pre-sentence investigation.

{¶8} The trial court held a sentencing hearing on July 14, 2021. The trial court stated it reviewed a lengthy PSI and a neuro-psychological evaluation provided by a defense expert. When asked if he had anything to say, appellant apologized for his actions. The trial court specifically noted appellant's lengthy criminal history, particularly with drug offenses. The trial court imposed the jointly-recommended aggregate sentence of eight years. The trial court issued a judgment entry of sentence on August 3, 2021, imposing the jointly-recommended sentence.

{¶9} Appellate counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error:

{¶10} "I. APPELLANT'S GUILTY PLEA TO COUNT 2, AGGRAVATED VEHICULAR ASSAULT, WAS NEITHER INTELLIGENT NOR VOLUNARY UNDER ALFORD V. NORTH CAROLINA BECAUSE THERE WAS NO FACTUAL BASIS TO SUPPORT A FINDING THAT HE WAS OPERATING HIS VEHICLE WHEN THE GOOD SAMARITAN WAS INJURED.

{¶11} "II. APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER FEDERAL AND STATE CONSTITUTIONS BY

COUNSEL'S ADVICE TO PLEAD GUILTY TO COUNT 2, AGGRAVATED VEHICULAR ASSAULT."

{¶12} This Court issued a judgment entry notifying appellant that his counsel filed an *Anders* brief, and allowing appellant file a pro se brief. Appellant filed a pro se brief, and set forth two proposed assignments of error:

{¶13} "I. APPELLANT'S SUBSTANTIAL DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY TRIAL COUNSEL'S FAILURE TO PROPERLY ADVISE HIM NOT TO PLEAD GUILTY TO AGGRAVATED VEHICULAR ASSAULT RELATING TO THE "GOOD SAMARITAN," AND FAILED TO RAISE AND ARGUE THE MATTER BEFORE THE TRIAL COURT, AS AN 'ATTENUATING CHAIN OF EVENTS' SEVERED CAUSATION, MAKING THE PROPER OFFENSE A THIRD-DEGREE MISDEMEANOR 'NEGLIGENT ASSAULT.'

{¶14} "II. APPELLANT'S SUBSTANTIAL DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY TRIAL COUNSEL'S FAILURE TO PROPERLY ADVISE HIM NOT TO PLEAD GUILTY TO ALLIED OFFENSES OF SIMILAR IMPORT, AND FAILED TO RAISE AND ARGUE THE MATTER BEFORE THE TRIAL COURT; AND WHEN THE TRIAL COURT SUBJECTED HIM TO MORE CONVICTIONS THAN THE LAW ALLOWS, AND SENTENCED HIM TO MULTIPLE PRISON TERMS."

*Anders Law*

{¶15} In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous,

he should so advise the court and request permission to withdraw. *Id.* Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

{¶16} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

*Ineffective Assistance of Counsel*

{¶17} In counsel for appellant's second proposed assignment of error, and in both of appellant's pro se proposed assignments of error, they argue trial counsel was ineffective.

{¶18} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and violated any of his or her essential duties to the client. *Id.* If we find ineffective assistance of counsel, we must then determine whether or not the

defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. *Id.* This requires a showing that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial court would have been different. *Id.* However, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *Id.*

*Pro Se Appellant's Assignment of Error I. & Counsel's Assignment of Error II.*

**{¶19}** In counsel's second proposed assignment of error and appellant's first proposed assignment of error, they contend trial counsel was ineffective for advising appellant to plead guilty to Count 2, aggravated vehicular assault, as it relates to the "Good Samaritan" victim, Mr. Tsiboe. Appellant contends that while the trooper's injuries were a direct and proximate of appellant's actions, Mr. Tsiboe's injuries were not, as he was injured by a fire that occurred as a result of the accident, not the accident itself. Appellant believes he should have been charged with negligent assault, a third-degree misdemeanor, as it relates to Mr. Tsiboe. According to appellant, "but for trial counsel's deficient performance and bad advice, the outcome would likely have been different and saved appellant years from a prison term because it would have only been a third-degree misdemeanor."

**{¶20}** The general rule is that a defendant's conduct is the proximate cause of injury to another if the defendant's conduct: (1) is a "substantial factor" in bringing about the harm and (2) there is no other rule of law relieving the defendant of liability. *Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990). There need only be "some reasonable connection" between the act or omission and the damage suffered to prove that the conduct is a substantial factor in bringing about the injury in order to satisfy the

requirement of proximate cause. *See R.H. Macy & Co. v. Otis Elevator*, 51 Ohio St.3d 108, 554 N.E.2d 1313 (1990). It is well-established that one may be presumed to intend results which are the natural, reasonable, and probable consequences of his or her voluntary actions. *State v. Farmer*, 156 Ohio St. 214, 102 N.E.2d 11 (1951). Further, "it is not necessary that the accused be in a position to foresee the precise consequence of his conduct, only that the consequence be foreseeable in the sense that what actually transpired was natural and logical in that it was within the scope of the risk created by his conduct." *State v. Wilson*, 5th Dist. Richland No. 13CA9, 2014-Ohio-41.

{¶21} The undisputed facts demonstrate appellant caused serious physical harm to Mr. Tsiboe as a proximate cause of driving while under the influence of methamphetamines. Appellant's actions set in motion a chain of events that proximately resulted in the accident and Mr. Tsiboe's injuries. *State v. Hall,* 2nd Dist. Montgomery No. 19671, 2004-Ohio-663. But for appellant's conduct, the accident would not have occurred, and Mr. Tsiboe would not have been seriously injured while saving the trooper's life. His injuries are a reasonably foreseeable result of appellant's actions. At the plea hearing, appellant admitted the accident and its consequences would not have happened if he had not made the decision to drive when he did.

{¶22} Appellant may not have foreseen the precise injuries the victim would sustain as a result of his actions, but the injuries caused were within the scope of the risk created by his conduct. *State v. Grimes*, 5th Dist. Richland No. 2019CA0103, 2020-Ohio-4357 (injuries caused by victims' escape were within the scope of the risk created by conduct of defendant in ramming their car); *State v. Barron*, 5th Dist. Perry No. 05-CA-4, 2005-Ohio-6108 (finding appellant set in motion a sequence of events by chasing a

vehicle, the foreseeable consequence of which should have been known to appellant); *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560 (finding "it is of no consequence that appellant did not specifically intend to cause injuries to the officers"). As noted by the Eleventh District, "both the statutory definition of 'operate' and the broader concept of 'operating' employed in prior case law supports the conclusion that a conviction for aggravated vehicular assault may be sustained where the actual operation of the vehicle has ceased, but the harm has not yet occurred, provided that no intervening event breaks the chain of causation." *State v. Miranda*, 11th Dist. Lake No. 2014-L-020, 2014-Ohio-5312. Here, there was no intervening event breaking the chain of causation. Mr. Tsiboe stopped to assist the trooper immediately after the accident, prior to the emergency responders arriving on the scene.

{¶23} Appellant's first proposed assignment of error is overruled.

{¶24} Appellate counsel makes the more general assertion that trial counsel was ineffective for advising appellant to plead guilty to Count 2.

{¶25} Generally, an attorney's advice to take a plea deal is not ineffective assistance of counsel. *State v. Schnarr*, 5th Dist. Licking No. 2018 CA 0035, 2019-Ohio-29. In order to show ineffective assistance of counsel in a plea deal, a defendant must show that the ineffective assistance "precluded a defendant from entering his plea knowingly and voluntarily." *Id.,* quoting *State v. Selvaggio*, 11th Dist. Lake No. 2017-L-128, 2018-Ohio-3532.

{¶26} In reviewing the present issue in an *Anders* context, an appellate court should review the transcript of the plea hearing in light of Criminal Rule 11 and consider whether there are any arguable issues with respect to the knowing, intelligent, and

voluntary nature of appellant's guilty plea. Having done so in this case, we find no arguable issues in regard to appellate counsel's sole assignment of error. The record demonstrates the trial court very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial court conducted a complete and thorough colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waiving with the plea. The record in this case shows the trial court's compliance with Criminal Rule 11, and supports the trial court's determination that appellant's plea was knowingly, intelligently, and voluntarily made.

{¶27} In this case, the evidence is lacking in the record to determine what trial counsel's advice was, or whether appellant would not have pled guilty but for that advice. Furthermore, even if counsel had advised appellant to accept the plea agreement and plead guilty to Count 2, such advice does not amount to ineffective assistance. Counsel is entitled to the strong presumption that entering the guilty plea was sound trial strategy, since, in exchange for the plea, the State agreed to dismiss three counts, and also agreed to reduce the degree of the first two counts from second-degree felonies to third-degree felonies. The record is clear that appellant made an informed decision to avoid the risks of trial and enter a plea. The record is devoid of any indication that appellant's trial counsel was deficient in any way. Appellant was afforded a full Criminal Rule 11 hearing that demonstrated his plea was knowingly, intelligently, and voluntarily made, and his trial counsel successfully negotiated a favorable plea.

{¶28} Appellate counsel's second proposed assignment of error is overruled.

*Pro Se Appellant's Assignment of Error II.*

**{¶29}** In appellant's second proposed assignment of error, he contends his trial counsel was ineffective in failing to raise the issue that the two counts of aggravated vehicular assault were allied offenses of similar import which should have merged for purposes of sentencing. Specifically, appellant contends he was fully incapacitated when the Good Samaritan stopped to assist the trooper and thus, appellant did not commit a separate act, and the offenses must merge because both were committed with the same conduct.

**{¶30}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, the Ohio Supreme Court held when considering whether there are allied offenses which merge into a single conviction under R.C. 2941.25(A), both the trial court and the reviewing court on appeal must first take into account the conduct of the defendant. In other words, how are the offenses committed? *Id.* If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.*

**{¶31}** Appellant was convicted of two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). While the same course of conduct is involved in each count of aggravated vehicular assault, there are different victims for each charge, i.e., Trooper Phillips and Mr. Tsiboe. The Ohio Supreme Court has held that, "two or more offenses of dissimilar import exist when the defendant's conduct constitutes offenses involving separate victims or if the harm from each offense is separate and identifiable."

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.  It is well-established that "where a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each offense."  *State v. Gregory*, 90 Ohio App.3d 124, 628 N.E.2d 195 (12th Dist. Butler 1993).  There is a dissimilar import towards each victim affected by a singular conduct where the "offense is defined in terms of conduct towards another."  *State v. Jones*, 18 Ohio St.3d 116, 480 N.E.2d 408 (1985).  In R.C. 2903.08(A)(1), the statute at issue in this case, the offense is defined in terms of conduct towards another, as the statute specifically includes the term "serious physical harm to another person."

{¶32}  Where, as here, an offense is defined in terms of conduct towards "another," there is a dissimilar import for each person affected by the conduct.  Although appellant may only have driven his vehicle into a single collision, that conduct resulted in serious physical harm to two individuals.  Thus, appellant's convictions for aggravated vehicular assault do not merge.  *State v. Smith*, 8th Dist. Cuyahoga No. 104553, 2017-Ohio-537 (if there are separate victims of aggravated vehicular assault, there are not allied offenses of similar import); *State v. O'Neill*, 6th Dist. Wood No. WD-10-029, 2011-Ohio-5688 (appellant's conduct of striking two cyclists with his vehicle while appellant was under the influence of alcohol are offenses of dissimilar import); *State v. Buitrago*, 8th Dist. Cuyahoga No. 93380, 2010-Ohio-1984 (conviction for vehicular assault appropriate for each person injured as a result of a single instance of drunk driving); *State v. Watkins*, 1st Dist. Hamilton No. C-120567, 2013-Ohio-4222 (although appellant may only have driven his vehicle into a single collision, the conduct resulted in harm to two individuals, thus, there was a dissimilar import for each person); *State v. Rich*, 12th Dist. Butler No.

CA2014-01-002, 2014-Ohio-4623 (counts of aggravated vehicular assault do not merge when appellant's conduct caused serious physical harm to three victims).

**{¶33}** Based on the foregoing, we find appellant cannot demonstrate a reasonable probability the trial court would have merged Counts 1 and 2 as allied offenses of similar import had trial counsel raised the issue. Accordingly, appellant's second proposed assignment of error is overruled.

*Appellate Counsel's Assignment of Error I.*

**{¶34}** In appellate counsel's first proposed assignment of error, he argues appellant's plea to Count 2 was not intelligent or voluntary under *North Carolina v. Alford* because there was no factual basis to support a finding that appellant was operating his vehicle when Mr. Tsiboe was injured.

**{¶35}** However, as detailed above, the focus of proximate cause is not whether appellant was operating the vehicle at time Mr. Tsiboe was injured, but whether his injuries were a reasonably foreseeable result (within the scope of risk) of appellant's actions.

**{¶36}** In an *Alford* plea, the trial court must determine that the defendant has made a rational calculation to plead guilty, notwithstanding his belief that he is innocent. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty and may require inquiry concerning the state's evidence. *State v. Padgett*, 67 Ohio App.3d 332, 586 N.E.2d 1194 (2nd Dist. 1990).

**{¶37}** In order to trigger the more detailed Criminal Rule 11 colloquy as required by an *Alford* plea, there must be a written affirmative assertion of an *Alford* notation on

the plea form and some affirmation to the trial court of an *Alford* plea.  *State v. Evans*, 5th Dist. Licking No. 2020 CA 00039, 2021-Ohio-829.  However, in this case, there is no written assertion of an *Alford* notation on the plea form.  During the change of plea hearing, there was no affirmation to the trial court of an *Alford* plea.  Rather, appellant took responsibility for, and apologized for, his actions.  He admitted he made "horrible choices" that night.  Appellant did not make any protestations of innocence at the sentencing hearing.  Accordingly, the trial court had no obligation to make the more detailed Criminal Rule 11 colloquy.

{¶38}  Appellate counsel's first proposed assignment of error is overruled.

{¶39} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Thus, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Morrow County Court of Common Pleas.


By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur