[Cite as *State v. Huff*, 2026-Ohio-1545.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>SAMANTHA HUFF<br><br>    Defendant - Appellant | Case Nos. 2025CA0044<br>            2025CA0045<br>            2025CA0046<br><br>Opinion And Judgment Entry<br><br>Appeal from the Richland County Court of Common Pleas, Case Nos. 2024CR0371N, 2024CR0381N, & 2025CR0259N<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry: April 29, 2026 |

BEFORE:   Andrew J. King, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES:   Jodie Schumacher (Prosecuting Attorney), Megan Hobart, for Plaintiff-Appellee; Felice Harris, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   Appellant Samantha Huff ("Huff") appeals her convictions and sentences following negotiated guilty pleas in the Court of Common Pleas for Richland County, Ohio[1].  For the reasons below, we affirm the judgment of the trial court.

**Facts and Procedural History**

{¶2}   On May 24, 2024, in Court of Common Pleas, Richland County, Ohio, Case No. 2024 CR 0371 N[2], Huff was indicted on one count of aggravated possession of drugs

---

[1] By Judgment Entry filed Sept. 15, 2025, this Court consolidated Huff's cases for purposes of appeal. *See* Fifth Dist.Loc.R. 12.

[2] Fifth District Court of Appeals Case No. 2025CA0046.

(methamphetamine), in violation of R.C. 2925.11(A)/(C)(1)(a), a felony of the fifth degree. On August 20, 2024, Huff entered a guilty plea to the charge.

{¶3} On July 11, 2024, in Court of Common Pleas, Richland County, Ohio, Case No. 2024 CR 0381 N[3] Huff was indicted on one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B)/(C)(5)(a)(ii), a felony of the third degree, and one count of operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a)/(G)(1)(a), a misdemeanor of the first degree. On August 19, 2024, Huff entered guilty pleas to both offenses.

{¶4} On September 11, 2024, the trial court sentenced Huff in both Case No. 2024 CR 0371 N and Case No. 2024 CR 0381 N to forty-eight months of community control, subject to conditions including residential treatment.

{¶5} On April 4, 2025, in Court of Common Pleas, Richland County, Ohio, Case No. 2025 CR 0259 N[4] Huff was indicted on one count of possession of heroin in an amount equal to or exceeding fifty grams but less than one hundred grams, in violation of R.C. 2925.11(A)/(C)(6)(e), a felony of the first degree.

{¶6} On June 3, 2025, the morning scheduled for jury trial in Case No. 2025 CR 0259, Huff appeared with both appointed and newly retained counsel. Huff's retained counsel filed several motions, including a motion to continue the trial, which the trial court denied. Following that ruling, retained counsel withdrew from representation.

{¶7} After consulting with Huff, appointed counsel informed the trial court that Huff wished to enter a guilty plea to the indictment (2025 CR 0259). The trial court conducted a plea colloquy pursuant to Crim.R. 11(C)(2) and accepted Huff's guilty plea.

---

[3] Fifth District Court of Appeals Case No. 2025CA0045.
[4] Fifth District Court of Appeals Case No. 2025CA0044.

The court deferred sentencing pending the completion of a presentence investigation report.

**{¶8}** On June 9, 2025, notices of probation violation were filed in Case Nos. 2024 CR 0371 and 2024 CR 0381. The notices alleged two violations of Huff's community control: (1) her guilty plea to the heroin possession charge in Case No. 2025 CR 0259, and (2) a positive alcohol test.

**{¶9}** On June 23, 2025, Huff, represented by different counsel than the attorney who represented her in the heroin possession case, appeared and admitted both probation violations in each case. The trial court scheduled sentencing in those cases to occur at the same time as sentencing in Case No. 2025 CR 0259.

**{¶10}** On July 7, 2025, the trial court conducted a joint sentencing hearing in Case No. 2025 CR 0259 and for the probation violations in Case Nos. 2024 CR 0371 and 2024 CR 0381. Both of Huff's counsel were present - the attorney who represented her in the heroin possession case and the attorney who represented her in the probation violations cases.

**{¶11}** On the possession of heroin conviction in Case No. 2025 CR 0259, the trial court sentenced Huff to an indefinite prison term of a mandatory minimum of four years and a potential maximum of six years. With respect to the probation violations related to Huff's conviction for failure to comply with the order or signal of a police officer (Case No. 2024 CR 0381), the trial court imposed a twelve-month prison term, to be served consecutively to the sentence imposed in Case No. 2025 CR 0259.

**{¶12}** Finally, for the probation violations related to Huff's aggravated possession of drugs conviction (Case No. 2024 CR 0371), the trial court imposed a twelve-month

prison term to be served concurrently with the sentence in Case No. 2024 CR 0381, but consecutively to the sentence imposed in Case No. 2025 CR 0259.

**Assignments of Error**

{¶13} Huff now appeals, raising the following two assignments of error,

{¶14} "I. SAMANTHA HUFF'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED AS SHE TENDERED PROTESTATIONS OF INNOCENCE DURING THE PLEA PROCEEDINGS AND THE TRIAL COURT FAILED TO ENGAGE IN A HEIGHTENED *ALFORD* INQUIRY."

{¶15} "II. PROBATION VIOLATION #1 WAS NOT SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL COMPETENT, CREDIBLE EVIDENCE."

## I.

{¶16} In her first assignment of error, Huff argues that the trial court should not have accepted her guilty plea because she maintained her innocence during the plea hearing. She contends that her statements constituted a protestation of innocence requiring the trial court to conduct the enhanced inquiry associated with an *Alford* plea. Because the trial court did not conduct such an inquiry, Huff maintains that her plea was not knowingly, intelligently, and voluntarily entered. We disagree.

**Governing Principles**

{¶17} "A criminal defendant does not have a constitutional right to enter a guilty plea or to have it accepted by the court." *State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.*, 2011-Ohio-5456, ¶ 27, citing *Santobello v. New York*, 404 U.S. 257, 262 (1971); *North Carolina v. Alford*, 400 U.S. 25, 38, fn. 11. *Accord, State v. Belton*, 2016-Ohio-1581, ¶ 50. Instead, state law governs the exercise of the defendant's ability to plead guilty. *Bates, at ¶ 28 citing Alford* at 38, fn. 11. In Ohio, a trial court may refuse to

accept a guilty plea. Crim.R. 11(C)(2). It seems logical, therefore, to conclude that a trial court may refuse to accept an *Alford* plea.

### *North Carolina v. Alford*, 400 U.S. 25 (1970)

{¶18} In *North Carolina v. Alford*, the United States Supreme Court addressed the constitutional validity of a guilty plea entered by a defendant who simultaneously maintained his innocence.

{¶19} Under state law, Alford faced the death penalty if he was convicted after a jury trial for first-degree murder. State law further provided for a sentence of life imprisonment upon entering a guilty plea to first-degree murder, and a sentence of between two to thirty years for a guilty plea to second-degree murder.

{¶20}Alford, charged with first-degree murder and facing the possibility of the death penalty, pleaded guilty to second-degree murder to avoid the risk of capital punishment. Although he denied committing the offense, he acknowledged that his plea was motivated by the strength of the State's evidence and his desire to limit potential punishment. Before the plea was finally accepted by the trial court, the court heard the sworn testimony of a police officer who summarized the State's case. Two other witnesses besides Alford were also heard. Alford later claimed his guilty plea was involuntary because its principal motivation was fear of the death penalty.

{¶21} The United States Supreme Court held that the acceptance of a plea while a defendant maintains his innocence does not violate the Constitution, provided it represents a voluntary and intelligent choice among the alternatives available to the defendant. The Court emphasized that a guilty plea is not rendered involuntary merely because it is entered to avoid the possibility of a harsher penalty, including death. Rather,

the dispositive inquiry is whether the defendant, with the advice of competent counsel, made a rational decision in light of the circumstances.

{¶22} Significantly, the Court concluded that an express admission of guilt is not a constitutional prerequisite to the imposition of a criminal sentence. Where the record contains strong evidence of actual guilt and the defendant knowingly and voluntarily elects to plead guilty, a court may accept the plea notwithstanding the defendant's protestations of innocence. In this respect, the Court analogized such pleas to pleas of nolo contendere, which similarly permit conviction without an explicit admission of guilt.

{¶23} Accordingly, *Alford* establishes that a defendant may constitutionally enter a guilty plea while maintaining innocence, so long as the plea is supported by a factual basis and reflects a voluntary, knowing, and intelligent choice. This principle has come to be known as an "*Alford* plea."

### Governing Law: *Alford* Pleas

{¶24} An *Alford* plea is a guilty plea accompanied by a contemporaneous protestation of innocence. *North Carolina v. Alford*, 400 U.S. 25 (1970). As explained by the Second District Court of Appeals:

> Because an *Alford* plea involves a rational calculation that is significantly different from the calculation made by a defendant who admits guilt, the obligation of the trial judge with respect to accepting such a plea is correspondingly different. The trial judge must ascertain that, notwithstanding the defendant's protestations of innocence, the defendant has made a rational calculation that it is in his or her best interest to accept the plea bargain offered by the prosecutor.

Where the defendant interjects protestations of innocence into the plea proceedings and fails to recant those protestations, the trial court must determine that the defendant has made a rational decision to plead guilty despite a belief in his or her innocence. This requires, at a minimum, inquiry of the defendant concerning the reasons for entering the plea and may also require inquiry into the state's evidence to determine whether the likelihood of conviction is sufficiently great to justify the decision.

*State v. Padgett*, 67 Ohio App.3d 332, 338-339 (2d Dist. 1990).

{¶25} The United States Supreme Court has likewise cautioned that guilty pleas accompanied by claims of innocence should not be accepted unless the trial court establishes a factual basis for the plea and resolves the apparent conflict between the defendant's waiver of trial and the assertion of innocence. *Alford*, 400 U.S. at 38, fn. 10.

**Requirements for Accepting an *Alford* Plea**

{¶26} A court may accept an *Alford* plea if the record affirmatively demonstrates that:

1. the defendant's plea was not the result of coercion, deception, or intimidation,

2. counsel was present at the time the plea was entered,

3. counsel's advice was competent under the circumstances,

4. the defendant understood the nature of the charges, and

5. the defendant was motivated by a desire to obtain a lesser penalty or avoid the risk of trial.

*State v. Piacella*, 27 Ohio St.2d 92 (1971), paragraph one of the syllabus; *see also State v. Hutchison*, 2018-Ohio-200, ¶ 55 (5th Dist.).

{¶27} Accordingly, when it affirmatively appears that a defendant seeks to enter an *Alford* plea, the trial court must conduct a more detailed Crim.R. 11 colloquy to determine the defendant's reasoning for pleading guilty despite maintaining innocence. *State v. McKinley*, 2015-Ohio-2436, ¶ 16 (5th Dist.), citing *State v. Hayes*, 101 Ohio App.3d 73 (3d Dist. 1998); *see also State v. Grant*, 2023-Ohio-4614, ¶ 12 (5th Dist.); *State v. Marchak*, 2022-Ohio-2611, ¶ 37 (5th Dist.); *State v. Underwood*, 2018-Ohio-730, ¶ 18 (5th Dist.). In addition, the record must contain strong evidence of guilt before an *Alford* plea may be accepted. *McKinley*, ¶ 19, citing *State v. Scott*, 2001-Ohio-2098 (3rd Dist.).

**Application**

{¶28} In the present case, the record does not demonstrate that Huff entered an *Alford* plea. The written plea form contains no reference to an *Alford* plea, and neither Huff nor her attorney expressly stated that Huff was entering an *Alford* plea during the change-of-plea hearing.

{¶29} Huff nevertheless argues that statements she made during the hearing constituted protestations of innocence sufficient to trigger the enhanced inquiry required for an *Alford* plea. During the hearing, Huff stated:

MS. HUFF: I didn't know anything about the stuff [the heroin] is what I'm saying to you.

THE COURT: If you want to take it to trial, we will take it to trial.

MS. HUFF: And then lose my son for 14 years, no, I'm not doing that.

THE COURT: Ma'am, that is a choice you have to make. As I indicated to you, you are saying you are innocent. I can't take your plea if

you continue to say that you are innocent and you don't admit that you did anything wrong. A change of plea is an admission that you did something wrong.

MS. HUFF: I'm terrified, Judge. I'm not going to sit here and lie. I'm terrified.

THE COURT: Miss Huff, the time to be terrified is over. The allegations are that you have already done this. You should have been terrified at that point in time, not now.

MS. HUFF: I was. Understood.

THE COURT: Ultimately, if you maintain that you are innocent and do not admit the offense, this case will proceed to trial this afternoon. You are entitled to that.

(Plea T. at 10-12.)

**{¶30}** After this exchange, the trial court permitted Huff to consult privately with counsel. When the proceedings resumed, defense counsel informed the court that Huff wished to proceed with the guilty plea. Following that consultation, Huff made no further protestations of innocence and confirmed her desire to plead guilty.

**{¶31}** The record therefore supports the conclusion that Huff's plea was a voluntary, intelligent, and rational decision. At the outset of the hearing, the trial court outlined the terms of the negotiated resolution, which included the heroin possession charge and the two community control violation cases. (Plea T. at 4-6.) The agreement also allowed Huff to remain on bond for approximately six weeks before sentencing so that she could arrange her affairs. (Plea T. at 6-7.) The judge noted that this was Huff's

sixth felony case. (Plea T. at 10). The judge further informed Huff that the first-degree felony charge (Possession of Heroin) carried a potential maximum penalty of eleven years. (Plea T. at 15).

{¶32} Before accepting Huff's plea, the trial court conducted a thorough Crim.R. 11(C) colloquy. Huff acknowledged that she understood the charges, the potential penalties, the plea agreement, and the constitutional rights she was waiving by entering a guilty plea. The record reflects that the trial court strictly complied with the constitutional advisements required by Crim.R. 11 and substantially complied with nonconstitutional advisement requirements.

{¶33} The record further demonstrates that the trial court had a factual basis for accepting the plea. The prosecutor explained that, if the case proceeded to trial, the State would present evidence that:

> On February 25th of this year, at approximately 11:30 p.m., Huff's probation officer conducted a home inspection and discovered nearly fifty-four grams of pure heroin inside the couch where Huff was seated, along with her house keys.

(Plea T. at 19.)

{¶34} Huff acknowledged that she understood the State's allegations and confirmed that she had reviewed the written plea form with her attorney and was satisfied with counsel's representation.

{¶35} Huff faced a potential sentence of fifteen years' imprisonment. (Plea T. at 5). Huff's motivation for the plea was to limit the amount of time she would be separated from her child. (Plea T. at 9, 11). Under these circumstances, the record supports the trial

court's determination that Huff knowingly, intelligently, and voluntarily entered her guilty plea.

{¶36} Because Huff did not persist in a protestation of innocence after consulting with her attorney, the enhanced Crim.R. 11 inquiry applicable to an *Alford* plea was not required. Huff has failed to suggest how the result of the proceedings would have been different had the *Alford* cautions been given. Huff was given the opportunity to have a jury trial in her case, which she declined.

### Conclusion

{¶37} The record demonstrates that the trial court complied with the requirements of Crim.R. 11 and properly accepted Huff's guilty plea. Accordingly, Huff's first assignment of error is overruled.

## II.

{¶38} In her second assignment of error, Huff contends that the trial court erred in revoking her community control based upon her guilty plea to the heroin possession charge in Case No. 2025 CR 0259. Huff argues that the violation was not supported by competent, credible evidence because her guilty plea to the possession charge was not knowingly, intelligently, and voluntarily entered. Specifically, she asserts that the trial court failed to conduct the additional inquiries required for an *Alford* plea. We disagree.

### Application

{¶39} As discussed in our resolution of Huff's first assignment of error, the record supports the trial court's determination that Huff knowingly, intelligently, and voluntarily entered her guilty plea to the possession of heroin charge. The record further demonstrates that Huff did not persist in a protestation of innocence during the plea

proceedings, and therefore the enhanced Crim.R. 11 inquiry applicable to an *Alford* plea was not required.

{¶40} Because Huff's guilty plea was validly entered, her admission to the community control violations based upon the conviction for possession of heroin constitutes competent and credible evidence that she violated the conditions of her community control.

## Conclusion

{¶41} Accordingly, the record contains sufficient competent, credible evidence to support the trial court's decision to revoke Huff's community control.

{¶42} Huff's second assignment of error is overruled.

For the reasons stated in our Opinion, the judgments of the Court of Common Pleas for Richland County, Ohio in Case No. 2025 CR 0259, Case No. 2024 CR 0371 and Case No. 2024 CR 0381 are affirmed. Cost to be paid by Appellant Samantha Huff.

By: Popham, J.,

King, P.J., and

Gormley, J., concur